### OHIO v METCALF et

Common Pleas Court, Lucas Co

Decided November 29, 1938

Thomas O'Connor, of Toledo, for state of Ohio.

Edward Lamb, of Toledo, for defendants.

## OPINION

By GOSLINE, J.

The several cases as numbered in the caption above are before the court on demurrers as to the indictments returned in each one of said cases. In nearly all the cases there are several defendants. Some of the indictments charge the defendants with an "assault"; some of the indictments charge the defendants with "malicious destruction of property"; and others of the indictments charge the defendants in two counts with "malicious destruction of property" and "assaults."

As to the sufficiency as a matter of law of the several counts charging "assault," under the new criminal code of procedure in the chapter on indictments, and the form and sufficiency thereof, one of the sections provides for short forms of pleadings for a number of offenses under the criminal statutes of the state of Ohio and included among them is a short form for "assault." The short form which applies to assault is in the following language:

"A. B. unlawfully assaulted C. D. in a menacing manner" §13437-6 GC.

This is the language which shall constitute the short form of indictment for assault.

The language of the counts in the several indictments under consideration charges assault in the following language:

"A. B. unlawfully assaulted C. D. and threatened him, the said C. D. in a menacing manner."

It is the opinion of the court that the offense in the counts charging "assault" is pleaded under the "short form", provided by the statutes; that the additional words "and threatened him, the said C. D." may be treated as surplusage under the provisions of the same chapter of the criminal code; and that therefore said counts are sufficient in law. §13437-7, GC.

Upon the question of intent, it seems to the court that intent does not have to be specifically alleged in an indictment charging assault, either when the short form is used or otherwise. Unless it clearly appears from the language of the statute describing a certain offense that express intent as distinguished from implied intent is an element of such offense, intent need not be expressly pleaded. It has never been our understanding of the law that express intent is necessary to support a charge of assault. The court is therefore of the opinion that the demurrer to all the counts of the several indictments charging assault against the several defendants should be overruled.

Coming now to the consideration of the demurrer to the counts in the several indictments charging "malicious destruction of property". These counts are predicated upon the provisions of the §12477, GC, which described said offense in the following language:

"Whoever maliciously destroys or injures property not his own" etc., etc.

The langauge of the counts of the several indictments charging malicious destruction of property is as follows:

"that (naming the several defendants) on the 17th day of May, in the year 1938 A. D., at the County of Lucas aforesaid, unlawfully, wilfully and maliciously did damage, injure and destroy a certain motor vehicle the property of (naming a certain person)."

and then sets forth the value of the property and the means by which the property was injured or damaged.

Upon a perusal of the new criminal code it will be observed that the statutes have not prescribed a short form of indictment for malicious destruction of property and the indictment is not couched in the language of the statute. It may be argued that an inference may be drawn that the property is not the property of the accused from the statement contained in the indictment to-wit: that the property is the property of some person other than the accused; but this does not necessarily follow.

There are several instances where the property injured or destroyed could be the property of both the parties involved; as, for instance, property held in common by husband and wife, or property held in common by children. It can not be said in either of these instances that the accused was destroying property not his own".

The language of the statute, to-wit:

"property not his own", is descriptive of the offense and either the language of the statutes or language which is equivalent to the language of the statute should be used.

Patterson's Criminal Code uses the following language for an indictment charging the offense of malicious destruction of property under §12477, **GC**:

"* * * the property of A. B. and not of him, the said C. D." (the accused).

and this language, it seems to the court, is essential to fulfill the requirements of our criminal code upon the question of the sufficiency of an indictment in the matter of pleading the offense of malicious destruction of property under §12477, **GC**.

For the reasons given, the court is of the opinion that the demurrers to the several counts of the indictment charging the offense of malicious destruction of property in the several cases should be sustained.